468 A.2d 512

**Steven G. WIGRIZER, Administrator of the Estate of Caprice A. Petry, deceased, Appellant,**

v.

**GOVERNMENT EMPLOYEE'S INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Sept. 21, 1983.

Filed Nov. 25, 1983.

Petition for Allowance of Appeal Denied March 16, 1984.

Howard B. Segal, Philadelphia, for appellant.

David M. McCormick, Philadelphia, for appellee.

Before CIRILLO, JOHNSON and CERCONE, JJ.

PER CURIAM:

Appellant, the administrator of the estate of Caprice A. Petry, deceased appeals from the December 14, 1981 order of the trial court sustaining appellee's preliminary objections. Decedent died as a result of injuries sustained in an automobile accident on July 27, 1980. At that time, she was covered by her parent's no-fault insurance policy. On July 15, 1981 an action was instituted by appellant and the decedent's parents for work loss and survivor's loss benefits under the No-fault Act.[1] Appellee filed preliminary objections in the nature of a demurrer, which objections were sustained as to both the work loss and survivor's loss claims.

The issues raised on appeal are (1) whether the estate of a deceased victim of an automobile accident may recover work loss benefits pursuant to the No-fault Act and (2) whether the surviving parents of a deceased victim of an automobile accident must be dependent on the victim in order to recover survivor's loss benefits.

The first issue was decided in *Freeze v. Donegal Mutual Insurance Company*, 301 Pa.Super. 344, 447 A.2d 999 (1982) (petition for allowance of appeal granted), where

1. 40 P.S. § 1009.101 et seq.

this court determined that an estate of a deceased victim is entitled to recover work loss benefits under the No-fault Act.

■ The second issue is not properly before us, as the decedent's parents are not a party to the instant appeal.

The Order of December 14, 1981 sustaining appellee's preliminary objection as to work loss benefits is reversed and the case remanded for further proceedings. Jurisdiction is relinquished.

